COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

DAVID SOMERS, §

§ No. 08-08-00289-CV

Appellant, §

§ Appeal from the

v. §

§ County Court at Law No. 3

ALBERTO AND CELIA ARANDA, §

§ of El Paso County, Texas

Appellees. §

§ (TC# 2006-J00090)

§

## O P I N I O N

This appeal involves a breach of contract that was originally heard in Justice of the Peace Court, and appealed *de novo* to County Court at Law Number Three of El Paso County. In four related issues, Defendant/Appellant David Somers challenges the trial court's granting of summary judgment against him, the failure to grant summary judgment for him, and the granting of attorneys' fees. We affirm.

## PROCEDURAL HISTORY

The history of this case in Justice of the Peace Court is confused. Plaintiffs/Appellees Alberto and Celia Aranda filed cause number 406-123JC in justice court, claiming that Somers owed them $3,000 for breach of contract stemming from the purchase of a Q2 energy spa machine. On June 6, 2006, the justice of the peace initially entered a take-nothing judgment in that case noting that plaintiffs had not appeared. Plaintiffs did not appeal this ruling, but instead filed another case urging the same facts under cause number 406-427S. The justice of the peace dismissed the second case stating "406-427SC DISMISSED due to duplicate case having been filed under 406-123JC.

New trial granted. Trial on the merits heard in cause #406-123JC." On September 12, 2006 a trial was held in cause number 406-123JC, resulting in judgment for plaintiffs in the amount of $3,040 plus court costs. Defendant Somers appealed this judgment to County Court at Law Number Three.

In the county court, Defendant Somers filed two motions for summary judgment. Both were denied. Plaintiffs also filed a motion for summary judgment, which the trial court granted. The trial court entered judgment for plaintiffs in the amount of $3,000 plus $2,550 in attorneys' fees. This appeal follows. Plaintiffs/Appellees have declined to file a brief on appeal.

### Defendant's motion for summary judgment

In his first and second issues on appeal, Somers argues that the trial court erred in denying his second motion for summary judgment. In both issues, he argues that his summary judgment was based upon deemed admissions, which the trial court erred in allowing plaintiffs to withdraw. We disagree.

On October 11, 2007, the trial court held a hearing on the motion for summary judgment. Before the summary judgment was taken up, plaintiffs' counsel presented argument and evidence regarding defendant's requests for admission, including a copy of plaintiffs' responses, file stamped by the county clerk on March 29, 2007. Thus there was evidence before the trial court that plaintiffs had filed these responses less than thirty days after they had been served with them, but for some reason the responses had been misplaced after receipt by the county clerk.

Moreover, plaintiffs filed a motion to set aside any deemed admissions. The motion stated that: (1) before plaintiffs hired counsel, they had filed responses to the requests *pro se*, but could not remember whether they had served them upon defendant; (2) plaintiffs had relied upon advice of justice court personnel in filing the responses; (3) defendant would not be prejudiced by the withdrawal of any deemed admissions, as he was fully aware of plaintiffs' position on the issues, as

the case had already been tried once in justice court; and (4) the merits of the breach of contract would be decided by the trier of fact if the deemed admissions were withdrawn.

The trial court made the following ruling regarding the admissions:

> All right. It appears to the Court that there's some mistake somewhere. There should only be one file. It appears that they responded to the requests for admissions within the time prescribed by law. If in fact there is two separate files, you have filed a request to set aside–I don't think there's a need for that. But if there is, the Court will grant your relief and set aside. But I don't believe that you need it, because there is a response to the requests for admissions.

.   .   .

> And if there is a response to the request for admissions, then the motion for summary judgment, based upon the fact that the request or admissions were not filed, is denied, because there is a response, okay?

We find the trial court was well within its discretion in denying defendant's motion for summary judgment, as it found that: (1) there were no deemed admissions, as responses had been filed within 30 days after service; and (2) alternatively, there were grounds to set aside deemed admissions if they existed. Under TEX. R. CIV. P. 198.3 this ruling was not error. Issues One and Two are overruled.

**Plaintiffs' motion for summary judgment**

In his Issue Three, Appellant Somers urges that the trial court erred in granting plaintiffs' motion for summary judgment. Plaintiffs' motion set out that a contract, titled "General Agreement" and drafted by Somers, had been entered into by the parties. The agreement read as follows:

> Both parties come in agreement that Celia Aranda shall make available funds totaling $3040.00 for the purchase of (1) one Q2 Energy Spa. This Q2 Energy Spa shall be for use by Celia Aranda and her extended family at no cost. David Somers agrees to purchase and operate the Q2 for their benefit with said funds and for the benefit of others outside of family members for a fair and reasonable charge. David Somers shall collect a fee from non-family members to cover cost of operation and repayment of the funds to Celia Aranda outlined in this agreement.
>
> Purchase of the unit will be from Optimal Health located in Sedona, Arizona who is an authorized dealer of the Q2 Health Spa. This unit shall be shipped via Fed-Ex to

El Paso, Texas.

Signed as an agreement on the 18th Day of June 2005.

Affidavits from both plaintiffs, dated June 27, 2008, state that "[t]he terms of the contract were to advance money to Mr. Somers for the purchase of a Q2 Energy Spa and that Mr. Somers would repay the funds . . . . To date Mr. Somers has not repaid the funds for the Q2 Energy Spa." Defendant Somers responded to the motion by urging that the agreement did not reflect a loan, but rather an investment by plaintiffs, from which they would be repaid only from fees charged to the general public. Defendant did not present any evidence in support of this argument, nor did defendant plead any affirmative defenses.

We believe that summary judgment for plaintiffs was properly entered in this cause. Taking the plaintiffs' uncontroverted affidavits together with the contract itself, there is sufficient definiteness as to the material terms of the contract so as to enable the trial court to ascertain the parties' intentions. *Inimitable Group v. Westwood Group Develop.,* 264 S.W.3d 892, 899 (Tex. App.–Fort Worth 2008, no pet.). Which terms are material is determined on a case by case basis. *Id.* Somers complains that the contract does not contain the elements necessary to enforce a promissory note, including maturity date, repayment terms, and interest rate. We note initially that the judgment awarded no interest, so that element is not material. Although the agreement does not contain a maturity date or repayment schedule, the plaintiffs established by affidavit that a full three years had elapsed without any repayment. The court may presume the parties intended to impose reasonable terms. *David J. Sacks, P.C. v. Haden,* 266 S.W.3d 447, 448-50 (Tex. 2008). We further note that this is a suit for money damages, not specific performance, and less certainty is needed to render it enforceable. *Ski River Dev., Inc. v. McCalla,* 167 S.W.3d 121, 133 (Tex. App.–Waco 2005, pet. denied). Finally, the law favors finding agreements sufficiently definite for enforcement where

one side has already performed its side of the bargain. *America's Favorite Chicken Co. v. Samaras,* 929 S.W.2d 617, 623-24 (Tex. App.–San Antonio 1996, writ denied). Somers' third issue is overruled.

## Attorneys' fees

In his fourth issue, Somers argues that the trial court erred in granting plaintiffs' attorneys' fees. We disagree.

Under TEX. CIV. PRAC. & REM. CODE ANN. Ch. 38.001*,* a party may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract and the claiming party: (1) is represented by an attorney; (2) has presented the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed is not tendered before the expiration of 30 days. TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001(8) and 38.002 (Vernon 2008). Moreover, in attorney's fee claims under this chapter, the court may take judicial notice of the usual and customary fees and the contents of the case file without receiving further evidence in a proceeding before the court. TEX. CIV. PRAC. & REM. CODE ANN. § 38.004. Where a case originally brought in justice court is appealed to the county court, a claim for attorney's fees under Chapter 38 may be pleaded for the first time in county court. *Crumpton v. Stevens,* 936 S.W.2d 473, 476 (Tex. App.–Fort Worth 1996, no writ). A claim for attorney's fees under this chapter does not constitute an independent ground of recovery but rather is in the nature of incidental damages and is not a new ground for recovery prohibited by TEX. R. CIV. P. 574a. *Id.*

Here, plaintiffs first hired counsel after the case had been appealed from justice court. They filed an amended petition containing a request for attorney's fees under the Texas Civil Practice and Remedies Code. They prevailed on summary judgment, obtaining damages. Summary judgment

is a proceeding before the court.  Plaintiffs also made a motion for award of attorney's fees, which was served upon defendant, setting out counsel's hourly rate and hours worked.  Defendant did not respond to this motion.  The court was entitled to take judicial notice of usual and customary fees, as well as the contents of the court's file in determining an attorney's fee award.  Defendant had notice that attorney's fees were requested, he made no response to that request, and the award was appropriate under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001.  No error is shown and Issue Four is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


SUSAN LARSEN, Justice (former)

July 14, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (sitting by assignment)