**Motion for Rehearing Denied, Motion for Reconsideration En Banc Denied as Moot, Affirmed, Memorandum Opinion filed July 18, 2013 Withdrawn, and Substitute Memorandum Opinion filed September 24, 2013.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-12-00822-CV

---

**SAMMY VELA, Appellant**

**V.**

**THERESA VELA, Appellee**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-40184**

---

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

In this restricted appeal, appellant Sammy Vela challenges the trial court's granting summary judgment against him and in favor of appellee Theresa Vela on her breach of contract claim. Although we deny Sammy Vela's motion for rehearing, and deny his motion for reconsideration en banc as moot, we withdraw the memorandum opinion issued in this case on July 18, 2013, and issue this

substitute memorandum opinion. Because there is no error apparent from the face of the record, we affirm the trial court's judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Between February and December 2005, Theresa Vela loaned Sammy Vela[1] a total of $110,000 to be used toward "restaurant investment." This loan consisted of: (1) $90,000 paid on February 10, 2005; (2) $10,000 paid on August 2, 2005; and $10,000 paid in December 2005. Theresa "cashed out of [her] retirement account" to make the loan. Theresa demanded repayment of the loan many times, but Sammy never repaid her. As a result, Theresa was forced to hire an attorney. She sued Sammy on the loan, alleging in her live pleading claims of breach of contract and suit on sworn account, amongst others. Sammy answered Theresa's original petition with a general denial but did not file a verified denial to her amended petition.

Theresa filed a motion for summary judgment on the breach of contract claim, attaching her affidavit and an affidavit by her attorney, Javier Marcos.[2] Sammy did not file a response to the motion for summary judgment, did not file any objections to the summary judgment evidence, did not file any controverting summary judgment evidence, and did not appear for the set hearing or participate by counsel.

On March 5, 2012, the trial court granted Theresa's summary judgment motion, awarding her: (1) $110,000 in actual damages; (2) $15,000 in attorney's fees; (3) court costs; and (4) pre- and post-judgment interest at five percent per

---

[1] At the time, Sammy's father was Theresa's fiancé.

[2] Theresa's motion for summary judgment also references a promissory note and canceled checks supposedly attached as part of an exhibit. However, these items are not contained in the clerk's record and do not appear to have been filed.

annum. The trial court awarded conditional damages for attorney's fees in the amounts of: $15,000 if the award was appealed to the court of appeals and Theresa prevailed; and $10,000 if the award was appealed to the Texas Supreme Court and Theresa prevailed, plus $5,000 if oral argument was granted. Sammy did not file any post-judgment motions or requests for findings of fact or conclusions of law. On August 31, 2012, Sammy filed a notice of restricted appeal.

On appeal, Sammy presents three issues. First, he argues that the trial court's granting summary judgment on Theresa's contract claim was error apparent from the face of the record. Second, Sammy contends that the trial court's granting attorney's fees constituted error apparent from the face of the record. And third, Sammy argues that the trial court erred as apparent from the face of the record by granting Theresa more relief than requested in her summary judgment motion.

## II. REQUIREMENTS FOR RESTRICTED APPEAL

To prevail on a restricted appeal, the appellant must establish: (1) he filed a notice of restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the final judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30, and *Quaestor Inv., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal. *See Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 500 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)); *Osteen v. Osteen*, 38 S.W.3d 809, 813 (Tex. App.—Houston [14th

Dist.] 2001, no pet.).  Only the fourth element is disputed in this appeal.

### III.  STANDARD OF REVIEW

We review de novo the trial court's grant of a summary judgment.  *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n. of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)).  We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious.  *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004) (citing *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996)).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  If the movant facially establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment.  *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).  However, the nonmovant has no burden to respond unless the movant conclusively establishes its cause of action or defense.  *See Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).  We take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in favor of the nonmovant.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  The summary judgment standard of review applies equally in ordinary and restricted appeals.  *See Maan v. First ATM, Inc.*, No. 03-06-00698-CV, 2008 WL 5210923, at *5 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.); *Stowell v. Stowell*, No. 14-02-00293-CV, 2003 WL 151403, at *1 (Tex. App.—Houston [14th Dist.] Jan. 23, 2003, pet. denied) (mem. op.).

# IV.  ANALYSIS

## A.  Theresa's breach of contract claim

Sammy argues the face of the record demonstrates that the trial court erred in granting Theresa's motion for summary judgment for three reasons: (1) Theresa's affidavit is not competent summary judgment evidence; (2) she failed to conclusively prove her breach of contract claim; and (3) the trial court erred by relying on Theresa's suit on sworn account as grounds for summary judgment on her breach of contract claim.  We conclude that Sammy's arguments lack merit.

### 1.  Theresa's affidavit sufficiently proves her contract claim.

Sammy argues that Theresa's summary judgment evidence is incompetent because it is unclear, contradictory, and conclusory.  Sammy further contends that Theresa's affidavit fails to conclusively establish breach of contract where the alleged contract fails for lack of sufficient definiteness due to conflicting loan amounts, and the lack of a maturity date, interest rate, and repayment terms.  However, we conclude that neither of these arguments establishes error apparent from the face of the record.

#### a.  Theresa's affidavit constitutes competent summary judgment evidence.

"A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted."  TEX. R. CIV. P. 166a(c); *see Trico Techs. v. Montiel*, 949 S.W.2d 308, 310 (Tex. 1997); *Calzada v. Am. First Nat'l Bank*, No. 14-07-00022-CV, 2008 WL 324912, at *2 (Tex. App.—Houston [14th Dist.] Feb. 7, 2008, no pet.) (mem. op.).  The kind of inconsistency and contradiction prohibited by rule 166a(c) is "an affiant's stating equivocating positions which do

5

not serve to clarify the pertinent issues in the case for which the affidavit is being offered." *Hernandez v. Lukefahr*, 879 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1994, no writ). However, a typographical error that does not cause confusion does not render an affidavit insufficient. *Id.* The rule's "readily controverted" requirement means the testimony at issue is of a nature that can be effectively countered by opposing evidence. *Calzada*, 2008 WL 324912, at *2 (citing *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989)).

A conclusory statement is one that does not provide the underlying facts to support the conclusion, and is insufficient to support or defeat summary judgment. *1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citations omitted).

First, with regard to Sammy's claim that Theresa's affidavit contains substantively defective conclusory statements, we disagree. Sammy argues that Theresa's affidavit is conclusory because it assumes that the loan is valid, breached, and callable without containing factual details regarding the loan terms. Sammy also notes that Theresa did not file a copy of any written agreement.

In the context of written promissory notes, we have upheld the competence of affidavits as summary judgment evidence where the affiant identified herself as a loan officer or otherwise in charge of collection, identified the note, and verified the amount of principal and interest owed. *Calzada*, 2008 WL 324912, at *2–3; *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (concluding that affidavit did not contain conclusory statements where "[t]he affidavit was made on [bank officer's] personal knowledge; the notes and guaranty agreement were identified; and the principal balances and interest due were recited").

Aside from not identifying a written note, the substance of Theresa's

6

affidavit substantially tracks these requirements. Theresa provided her affidavit based on personal knowledge. Theresa identified herself as the individual who entered into an agreement with, and thereby loaned, Sammy $115,000[3] in increments on three separate occasions—$90,000 on February 10, 2005; $10,000 on August 2, 2005; and $10,000 in December 2005—"for the restaurant investment." Theresa indicated that she drained her retirement account to provide this loan and has "no money left for [her] retirement." Theresa further indicated that she has made several attempts to collect on the loan, but Sammy has responded rudely and "has not returned the money loaned." Theresa verified that "no monies have been received to date."[4] Further, Theresa stated that she was "forced to hire" an attorney to collect on the loan, and entered into a fee agreement with him for 45% of all actual damages and pre-judgment interest.

To recover for breach of contract, a plaintiff must show: (1) the existence of a valid contract, (2) the plaintiff performed or tendered performance, (3) the defendant breached the contract, and (4) the plaintiff suffered damages as a result of the defendant's breach. *Parker Drilling Co. v. Romfor Supply Co.*, 316 S.W.3d 68, 72 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

In her affidavit, Theresa provided relevant factual details underlying each of

---

[3] As discussed below, we conclude the $115,000 figure does not amount to an impermissible inconsistency that would render Theresa's affidavit incompetent.

[4] To the extent that Sammy argues that Theresa's affidavit omits information about the exact amount owed and fails to consider "any potential offsetting payments," Theresa clearly specifies that Sammy has paid "no monies" to date and there is no summary judgment evidence of any offsetting payment. Sammy apparently seeks to rely on an allegation in Theresa's first amended petition that she received a wire transfer from Sammy for $3,000. However, sworn pleadings do not constitute summary judgment evidence in Texas. *See Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). We thus consider Theresa's affidavit as the only summary judgment evidence before the trial court. *See Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (upholding grant of summary judgment solely based on interested party affidavit).

the elements of her breach of contract claim: (1) the existence of an oral loan agreement; (2) Theresa's full performance by paying Sammy the money; (3) Sammy's breach of the contract due to nonpayment; and (4) how Theresa has suffered damages as a result. Moreover, conclusory statements are not susceptible to being readily controverted; here, Sammy effectively could have countered Theresa's testimony with opposing evidence. *See Rockwall Commons Assocs.*, 331 S.W.3d at 512; *see also Caldaza*, 2008 WL 324912, at *2 (describing averments regarding demands and failures to pay on note as "readily controvertible"). Therefore, we cannot agree with Sammy that the statements in Theresa's affidavit are conclusory.

Sammy also contends that Theresa's affidavit is not competent evidence because it is unclear and contradictory. Theresa's affidavit states:

> I entered into an agreement whereabouts I loaned my son in law, Sammy Vela, Defendant, $115,000.00 on Beginning [sic] in February of 2005 through December 2005. The loan consisted of $90,000.00 to Sammy Vela on February 10, 2005; $10,000.00 loaned on August 2, 2005; and $10,000.00 loaned in December of 2005.

The three installment amounts Theresa provided add up to $110,000, not $115,000. Theresa responds the $115,000 figure was an apparent typographical error that resulted in no harm where, consistent with what she requested in her motion for summary judgment, the trial court awarded her $110,000. We agree. *See Hernandez,* 878 S.W.2d at 143 ("A mere typographical error, when viewed in the context of the entire affidavit, is not an inconsistency if it causes no confusion."). Sammy fails to indicate, much less explain, how this mistake caused him any confusion. Further, this discrepancy can be resolved from the face of the record. *See Mansell*, 203 S.W.3d at 500; *Osteen*, 38 S.W.3d at 813. In her motion for summary judgment, Theresa alleged that the total amount of the loan to Sammy

was $110,000.[5]  Moreover, despite the $115,000 figure, the three specific amounts listed in Theresa's affidavit as comprising the loan exactly total $110,000.  Finally, whether Theresa loaned Sammy $110,000 could have been effectively countered by opposing evidence.  *See Calzada*, 2008 WL 324912, at *2.  We thus cannot agree that Sammy's "critique" of Theresa's affidavit based on an alleged discrepancy or contradiction in loan amount constitutes error apparent from the face of the record.  *See Garcia v. Bank of Am. Corp.*, 375 S.W.3d 322, 329–30 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (noting that appellant raised "a semantic point at best" and, if affiant's statement were inaccurate, appellant could have controverted it).

### b.  The loan contract is "sufficiently definite," and thus enforceable.

Sammy next attacks the first element of breach of contract—the existence of a valid contract—and argues that the remaining elements all depend on the validity of the contract.  Specifically, he argues that Theresa's affidavit does not provide definite material terms to establish the existence of a contract.

A contract is sufficiently definite if a court is able to determine the respective legal obligations of the parties.  *Abatement Inc. v. Williams*, 324 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)); *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 455 (Tex. App.—Fort Worth 2009, pet. denied).  Generally, the material terms of a loan agreement consist of the amount loaned, the maturity date, the interest rate, and the repayment terms.  *T.O. Stanley Boot Co.*, 847 S.W.2d at 221.  However, contracts should be examined on a case-by-case

---

[5] Also, in her live pleading, Theresa alleged that the loan was for $110,000; and in her verification for suit on sworn account, Theresa states that the total principal balance due is $110,000.

9

basis to determine which terms are essential. *Parker Drilling Co.*, 316 S.W.3d at 74 (citing *T.O. Stanley Boot Co.*, 847 S.W.2d at 221). Whether a contract contains all the essential terms for it to be enforceable is a question of law. *Id.*

### *1) Loan amount*

Sammy argues the $5,000 discrepancy results in an "unclear loan amount," and thus this material term of the alleged contract is fatally flawed. Having found Theresa's summary judgment affidavit to be competent, and construing it in the light most favorable to Sammy, we cannot agree that Theresa's typographical error rendered the material term of the loan amount so indefinite such that the trial court could not determine the parties' respective legal obligations, or created a genuine fact issue as to whether Theresa loaned Sammy $110,000. Therefore, we conclude that Theresa's affidavit evidence is sufficient to conclusively prove she loaned Sammy $110,000.

### *2) Maturity date*

We also conclude Sammy's argument that the other alleged missing elements—the maturity date, interest rate, and repayment terms—render the contract too indefinite to be enforceable is without merit.

Although we examine each contract separately to determine its material terms, *see T.O. Stanley Boot Co.*, 847 S.W.2d at 221, we take note that the Austin court of appeals has addressed the enforceability of a loan contract under similar circumstances. In *Jackson v. Carlson*, the plaintiff wrote the defendant a $5,000 check. No. 03-08-00429-CV, 2009 WL 638848, at *1 (Tex. App.—Austin Mar. 12, 2009, no pet.) (mem. op.). The plaintiff sued for breach of a loan contract and moved for traditional summary judgment, which the trial court granted. *Id.* The *Jackson* court affirmed the grant of summary judgment, specifically rejecting the

defendant's argument that the plaintiff's evidence—his affidavit and the canceled check—was insufficient because it failed to establish the material terms of the contract, specifically the maturity date of the loan, the repayment terms, and the interest rate, and only represented evidence of one material element, the amount to be loaned. *Id.* at *2. In doing so, the court noted that a loan contract need not include a specific due date to be enforceable; for example, an agreement that the loan will be repaid "on demand" is sufficiently definite to be enforceable by a court. *See id.* (citing *Dorsett v. Cross*, 106 S.W.3d 213, 215 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). The court also noted that where no due date is specified in a written promissory note, payment is due on demand and demand may be made within a reasonable time. *Id.* The court "s[aw] no reason to require oral contracts to be more specific than written ones." *Id.* The court thus concluded that the plaintiff's affidavit, in which he averred that "[d]espite demand by me to Defendant . . . Defendant refused and continues to refuse to make payments on all amounts due on the loan and has left a balance of $5,000.00," was sufficient to establish that the loan had matured and was due on demand. *Id.*

In her affidavit, Theresa repeatedly states that the money she provided to Sammy, a total of $110,000, was a "loan." Theresa avers that she has made "many attempts" to collect the money owed, but she has been "rudely" rebuffed and finally was forced to hire an attorney. Theresa also avers that "no monies have been received to date"—i.e., the balance due is the entirety of the loan. Therefore, we conclude that Theresa's affidavit evidence is sufficient to conclusively prove a loan due on demand. *See id.*

### 3) Interest rate

Nor is the lack of an interest rate term determinative. While it is true that the interest rate "will generally be" a material term, "[e]ach contract should be

11

considered separately to determine its material terms." *T.O. Stanley Boot Co*, 847 S.W.2d at 221. Sammy has not cited, and we have not located, any authority indicating that all loan agreements require payment of interest at a specified rate, or even payment of interest on the principal balance at all. Theresa's contract claim is not for $110,000 plus any alleged specified interest rate—the evidence indicates that this is a simple loan agreement whereby Theresa loaned Sammy a total of $110,000 in three installments, with payment due on demand. Because Theresa does not allege or seek to recover any set interest on the principal loan balance, we conclude that interest is not a material term of the contract as alleged by Theresa.[6] *See Jackson*, 2009 WL 638848, at *3.

### 4) Repayment terms

Sammy further argues that the lack of repayment terms is fatal to finding a valid, enforceable contract. Again, we disagree. Where loan repayment is due on demand, the question becomes whether Theresa's demand was made at a reasonable time. *See id.* ("Given the small size of the loan and the lack of interest charges, three years and three months is a more than reasonable amount of time to wait to demand payment."); *see also Somers v. Aranda*, 322 S.W.3d 342, 345 (Tex. App.—El Paso 2010, no pet.) ("Although the agreement does not contain a

---

[6] We note that the trial court awarded Theresa pre- and post-judgment interest on the $110,000 balance at a rate of 5%. Where the sum due and payable is ascertainable but the contract does not specify a rate of interest, pre-judgment interest may be calculated at a statutory rate of 6%. *See* TEX. FIN. CODE ANN. § 302.002 (West 2006); *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 744 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (discussing section 302.002). Trial courts also may award pre-judgment interest under general principles of equity. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998); *Hand & Wrist Ctr. of Hous., P.A. v. Republic Servs., Inc.*, —S.W.3d—, No. 14-12-00089-CV, 2013 WL 1802631, at *4 (Tex. App.—Houston [14th Dist.] Apr. 30, 2013, no. pet.). Post-judgment interest is mandated by statute, and is recoverable even where the trial court does not award it. *See Citizens Nat'l Bank of Tex. v. NXS Constr., Inc.*, 387 S.W.3d 74, 92 (Tex. App.—Houston [14th Dist.] 2012, no pet. h.) (citing TEX. FIN. CODE ANN. § 304.002 (West 2006)).

maturity date or repayment schedule, the plaintiffs established by affidavit that a full three years had elapsed without any repayment."). "The court may presume the parties intended to impose reasonable terms." *Somers*, 322 S.W.3d at 345 (citing *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 448–50 (Tex. 2008)). Further, "less certainty is needed to render [a suit for money damages] enforceable." *Id.* And the law favors finding an agreement sufficiently definite where one side has already performed its side of the bargain. *Id.* Here, Theresa originally filed suit in June 2010, which is approximately four and a half years after Theresa fully performed by making the last loan payment of $10,000 to Sammy. We thus conclude that Theresa presented her demand within a reasonable time. *See id.* at 345–46; *Jackson*, 2009 WL 638848, at *3. Having rejected Sammy's challenges, we conclude that the loan agreement is sufficiently definite to determine that Theresa loaned Sammy a total of $110,000, which amount was due on her reasonable demand. *See Playoff Corp.*, 300 S.W.3d at 455.

Based on our de novo review, and taking all evidence favorable to nonmovant Sammy as true and indulging all reasonable inferences and resolving any doubts in his favor, we conclude that Theresa's affidavit establishes that there is no genuine issue of material fact as to all four requisite elements of breach of contract. That is, Theresa and Sammy entered into a valid loan agreement, Theresa fully performed by loaning Sammy $110,000, Sammy breached the contract by not repaying Theresa any part of the loan due on Theresa's reasonable demand, and Theresa suffered damages due to Sammy's nonpayment. Thus, movant Theresa met her summary judgment burden to show that she is entitled to judgment as a matter of law on her contract claim. *See* TEX. R. CIV. P. 166a(c); *Jackson*, 2009 WL 638848, at *5.

13

**2. Theresa did not argue suit on sworn account, nor did the trial court grant her summary judgment on that basis.**

Finally, Sammy argues that to the extent the trial court relied on Theresa's suit upon sworn account as grounds for granting summary judgment on the breach of contract claim, it is error apparent from the face of the record because a suit on sworn account cannot be brought to enforce a loan agreement. We conclude that this argument lacks merit.

Rule 166a(c) provides: "The motion for summary judgment shall state the specific grounds therefor." TEX. R. CIV. P 166a(c). That is,

> **The motion** for summary judgment must **itself** state specific grounds on which judgment is sought. . . . **The motion** for summary judgment must stand or fall on the grounds it specifically and expressly sets forth. . . . There is authority to the effect that a summary judgment cannot be sustained on a ground not specifically **set forth in the motion**.

*McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993) (omissions and emphases in original) (citation omitted). Thus, although this court may affirm on a different ground than that specified by the trial court in its ruling, our review of the propriety of the summary judgment is limited to those grounds the movant actually presented to the trial court. *See Cates*, 927 S.W.2d at 625–26.

In her motion, Theresa clearly set forth that there is no genuine issue of material fact as to any element of *breach of contract* and did not argue any other basis for granting summary judgment. Theresa did not reference suit on sworn account or rule 185 of the Texas Rules of Civil Procedure governing suits on account anywhere in her summary judgment motion. Further, Theresa expressly "waive[d] all causes of action and relief not requested in this Motion for Summary Judgment." In its final summary judgment order, the trial court issued a finding that "there is no genuine issue of material fact as to [Theresa's] claim for Breach of

14

Contract." Nothing in the trial court's order even suggests that the court considered any suit on sworn account claim or argument. Thus, we cannot agree with Sammy that the trial court erred "if" it based its summary judgment on Theresa's suit upon sworn account because the record reflects Theresa only moved for summary judgment based on breach of contract, and the trial court only granted summary judgment on breach of contract. *See id.* at 626. Thus, because Sammy has failed to show any error apparent from the face of the record with regard to the trial court's granting summary judgment on Theresa's contract claim, we overrule his first issue.

## B.     Award of actual damages for breach of contract

We next address Sammy's third issue regarding actual damages. Sammy contends that the face of the record demonstrates error because the trial court granted more relief than Theresa requested in her motion for summary judgment by awarding her actual damages, and in any event, because Theresa did not conclusively prove those damages. We disagree.

Sammy contends that Theresa must only have been requesting summary judgment as to the fact of breach liability but not as to actual damages.[7] However, in Theresa's motion, she alleged that "[t]o date Plaintiff is owed principle [sic]

---

[7] Sammy relies on an Amarillo court of appeals case, *IBP, Inc. v. Klumpe*, for the proposition that when a trial court renders a final judgment as to all parties and issues, a reviewing court must reverse and remand any matters that were not expressly presented to the trial court in the movant's motion. *See* 101 S.W.3d 461, 468–69 (Tex. App.—Amarillo 2001, pet. denied). *Klumpe* does not apply here. There, because the defendant as movant did not expressly present grounds for summary judgment that would bar each of plaintiff's causes of action, but the trial court nevertheless granted summary judgment on all the causes, the *Klumpe* court reversed and remanded the causes not expressly presented. *Id.* at 479–80. Sammy's other cited case does not apply for the same reason. *See Crooks v. Moses*, 138 S.W.3d 629, 641 (Tex. App.—Dallas 2004, no pet.) (concluding that trial court erroneously granted greater relief than requested where defendant movant did not address claims plaintiff timely added by amendment, but trial court nevertheless rendered take-nothing final judgment as to all claims).

amount of $110,000"; alleged that Sammy failed to "pay Plaintiff the amount due under the contract"; further alleged that "the damages sought by Plaintiff are directly[8] related to Defendant's failure to abide by the contractual obligations"; requested attorney's fees "sought in addition to actual award" in the amount of $49,500; and requested pre- and post- judgment interest, costs of suit, and "other and further relief, special or general, at law or in equity, as may be shown that Movant is justly entitled to receive." Although in her motion Theresa did not include a specific section requesting summary judgment on her "actual damages," she specifically alleged that Sammy breached the contract by not paying the principal amount due of $110,000. Theresa also clearly explained that her "damages sought are directly related to" Sammy's breach. The trial court thus properly awarded Theresa her requested actual damages.

In addition, we already have determined that Theresa's summary judgment evidence as to her contract claim was competent and sufficiently definite in its material terms to conclusively prove the validity of the contract and the other elements of breach of contract. Sammy reurges the same already-rejected arguments with regard to Theresa's lack of conclusive proof of the amount of her actual damages. Moreover, Theresa's affidavit establishes the facts that she loaned Sammy a total principal amount of $110,000; she has made repeated demands for payment; and, to date, he has repaid her "no monies." We thus conclude that Theresa presented sufficient evidence to conclusively prove actual damages in the amount of $110,000, and we overrule Sammy's third issue.

---

[8] At common law, actual damages are either "direct" or "consequential." *Arthur Anderson*, 945 S.W.2d at 816 (citation omitted). Direct damages are the necessary and usual result of the defendant's wrongful act; they flow naturally and necessarily from the wrong, and compensate the plaintiff for the loss conclusively presumed to have been foreseen by the defendant from his wrongful act. *Id.* Here, Theresa suffered direct damages from Sammy's refusal to repay her any of the $110,000 loan.

## C.     Award of attorney's fees

In his second issue, Sammy argues that the trial court erred by granting attorney's fees to Theresa because she failed to provide legally sufficient evidence as to the reasonableness of the fees.  Sammy specifically complains that the affidavit of Theresa's attorney Marcos fails to include details about his qualifications and the number of hours he worked.  We conclude that Sammy has failed to present any error apparent from the face of the record.

Despite Sammy's not responding to summary judgment, he may challenge the legal insufficiency of the evidence supporting the reasonableness of Theresa's attorney's fees.  *See Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 511–12 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  Reasonableness of attorney's fees is ordinarily left to the fact finder, and we may not substitute our own judgment. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009).  The fact finder should consider the nonexhaustive factors[9] enumerated by the Texas Supreme Court in *Arthur Anderson & Co. v. Perry Equipment Corp.* when determining the reasonableness of attorney's fees.  945 S.W.2d 812, 818 (Tex. 1997).  However, "evidence of each of the [*Arthur*] *Andersen* factors is not required to support an award of attorney's fees."  *Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 706 (Tex. App.—Dallas 2008, no pet.) (citation omitted).  Additionally, for claims bought under chapter 38, there is a rebuttable

---

[9] These factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen*, 945 S.W.2d at 818.

17

presumption that the usual and customary attorney's fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003 (West 2011).

"[T]he affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." *Haden*, 332 S.W.3d at 513; *see Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010) (noting that attorney's expert testimony about reasonableness of his fees includes his "personal knowledge about the underlying work and its particular value to the client"). Further, the trial court may award attorney's fees as a matter of law "where the testimony of an interested witness is not contradicted by any other witness, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (noting that this is "especially true when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so"); *see* TEX. R. CIV. P. 166a(c). Trial courts can draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorney's fees. *McCall v. AXA Equitable Life Ins. Co.*, No. 14-04-01111-CV, 2006 WL 17861, at *4 (Tex. App.—Houston [14th Dist.] Jan. 5, 2006, no pet.) (mem. op) (citation omitted).

Here, Marcos stated that under his fee agreement with Theresa, his recoverable, reasonable attorney's fees were $49,500. Marcos' affidavit tracked several of the *Arthur Andersen* factors in support of reasonableness: the novelty and difficulty of the issue involved, the skill required to provide the legal services properly, the expertise of the lawyer performing the services, the time and labor involved to perform the legal services properly, and the fee customarily charged in the community for similar services. Marcos then provided a list of what services

18

he performed on the matter, including attempting settlement, then ultimately filing suit, drafting and filing a motion to compel, exchanging discovery, attempting mediation on several occasions, and drafting and filing a motion for summary judgment. Marcos also indicated he had "a lot of communications" both with his client and opposing counsel. The trial court awarded Theresa attorney's fees, but reduced the amount to $15,000—and conditionally awarded Theresa $15,000 in attorney's fees if she prevailed on appeal, and $10,000 if she were to prevail at the Texas Supreme Court, plus an additional $5000 if the Court granted oral argument.

Although Marcos did not provide precise details about his qualifications or report an exact number of hours of service performed, nothing in chapter 38 requires these exact details. *See* TEX. CIV. PRAC. & REM. CODE § 38.001. Moreover, we have recognized that "the amount of work expended can be proved by alternative methods, including evidence of what tasks were untaken on behalf of the client." *Brighton Homes, Inc. v. McAdams*, 737 S.W.2d 340, 344 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Finally, we disagree with Sammy that Marcos' affidavit merely provides a "very general description of the case's proceedings." In contrast, the facts contained in the affidavit are not generalities, but rather are clear, positive, and direct, otherwise credible, and are neither internally inconsistent nor contradictory. *See* TEX. R. CIV. P. 166a(c); *Haden*, 332 S.W.3d at 514. In addition, Sammy could have readily controverted such facts and failed to do so. *See* TEX. R. CIV. P. 166a(c); *Haden*, 332 S.W.3d at 514.

Based on the facts stated in Marcos' affidavit, which complied with rule 166a(c), Marcos' reference to the well-settled factors of reasonableness, and the statutory presumption of reasonableness, we conclude that there is legally sufficient evidence to support the trial court's award of attorney's fees. *See Haden*, 332 S.W.3d at 514–15. Further, the trial court was free to draw on its common

19

knowledge and experience based on the testimony, the record, and the amount in controversy in exercising its discretion to adjust Theresa's requested attorney's fees of $49,500 downward to $15,000. *See McCall*, 2006 WL 17861, at *4 (upholding trial court's reduction of requested attorney's fees for trial from $13,500 to $4207 and requested appellate attorney's fees from $11,000 to $2000).[10] Therefore, we overrule Sammy's second issue.

## V. CONCLUSION

Accordingly, having overruled all of Sammy's issues, we affirm the trial court's final summary judgment.

/s/    Tracy Christopher
Justice

Panel consists of Justices Brown, Christopher, and McCally.

Do Not Publish— TEX. R. APP. P. 47.2(b).

---

[10] Theresa did not appeal such award reduction.