**Opinion issued February 20, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00936-CV

————————————

## DEMERCE P. DENNIS, Appellant

## V.

## SCIL TEXAS, INC. D/B/A SPEEDY CASH, Appellee

On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 1016933

## MEMORANDUM OPINION

Appellant, Demerce P. Dennis, challenges the trial court's rendition of summary judgment in favor of appellee, SCIL Texas, Inc. doing business as Speedy Cash ("SCIL"), in SCIL's suit against him for breach of contract, on a

sworn account, and, alternatively, for quantum meruit. In his sole issue, Dennis contends that the trial court erred in granting SCIL summary judgment.

We affirm.

## Background

In its verified petition in the justice court, SCIL alleged that it, pursuant to a "Speedy Cash Credit Services Agreement" (the "Agreement"), provided a cash loan to Dennis, who defaulted by failing to repay the loan as agreed. SCIL sought damages of $1,024.66. SCIL attached to its petition the Agreement and a record of Dennis's account, supported by the affidavit of SCIL's custodian of records. SCIL also propounded Requests for Admissions, requiring Dennis to admit or deny each of the substantive allegations in its petition. Dennis filed an unverified answer, generally disputing the debt, and he did not respond to SCIL's Requests for Admissions. SCIL subsequently moved for summary judgment, which the justice court granted.

Dennis appealed to the county court for a trial de novo,[1] and he refiled his prior answer. SCIL again moved for summary judgment, asserting that Dennis's "answer [was] defective and insufficient in law to constitute or raise a defense to [its] cause of action"; the Requests for Admissions, propounded in the justice court, were deemed admitted because Dennis had failed to timely respond; and

---

[1] *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

"the deemed admissions, as well as other pleadings, affidavits, and exhibits filed" established that it was entitled to judgment as a matter of law.

SCIL attached to its summary-judgment motion its Requests for Admissions; the Agreement; an account statement showing that on April 23, 2011, SCIL had advanced to Dennis $826.43, which he was to repay by May 6, 2011; and the affidavit of Jorge Gonzalez, SCIL's Vice President of Customer Relations and custodian of records. Gonzalez testified that SCIL had advanced credit to Dennis, as shown in the accompanying account documents, and it had sent numerous statements to him requesting payment. However, Dennis had "failed and refused to pay the account, and [was] indebted to SCIL [in] the sum of $1,024.66, after all lawful offsets and credits." SCIL also attached to its motion the affidavit of its attorney, James West, who testified that SCIL had incurred reasonable and necessary attorney's fees of $750.

In response to SCIL's summary-judgment motion, Dennis filed an "answer," disputing the existence of an agreement between the parties; asserting a defect of parties, specifically, naming "James West" as plaintiff and asserting that "Plaintiff is not the real party in interest and has failed to name all necessary parties"; and asserting the affirmative defense of accord and satisfaction. Dennis also filed answers to SCIL's Requests for Admissions, admitting that he was properly named in the petition, had received an invoice for the amount listed in the statement

3

attached to the petition, and the amount of attorney's fees stated were reasonable and necessary.

On September 19, 2012, the trial court, without stating its basis, rendered summary judgment for SCIL, awarding it damages in the amount of $1,024.66 plus attorney's fees of $750.00. A week later, Dennis filed an "Affidavit of Sworn Denial," "challenging" the "charges." His motion for new trial was denied by operation of law.

### Standard of Review

We review a trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). To prevail on a summary-judgment motion, a movant has the burden of proving that it is entitled to summary judgment as a matter of law and there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A plaintiff moving for summary judgment must establish its right to summary judgment by conclusively proving all the elements of its cause of action as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). Once the movant produces sufficient evidence to establish its right to summary judgment, the burden shifts to the nonmovant to come forward with competent controverting evidence that raises a fact issue. *See Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). A genuine issue of fact arises if

4

reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When a trial court's judgment does not specify the grounds upon which the trial court relied in granting it, we must affirm "if any of the summary-judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### Summary Judgment

In his sole issue, Dennis argues that the trial court erred in granting SCIL summary judgment because SCIL's evidence is "insufficient" or "incompetent" to establish its right to recover on its claims. He asserts that SCIL failed to produce "the original loan documents," SCIL failed to show that the account was "properly assigned," and Gonzalez's affidavit does not "positively show a basis for" his personal knowledge.

To be entitled to summary judgment on its breach-of-contract claim, SCIL was required to prove, as a matter of law: (1) the existence of a valid contract; (2) performance or tendered performance by SCIL; (3) a breach of contract by Dennis; and (4) damages sustained as a result of the breach. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.]

5

2007, no pet.). To be enforceable, a contract must contain terms sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *Id.* And the material terms must be agreed upon. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992).

Here, SCIL presented, as summary-judgment evidence,[2] a copy of the signed Agreement, establishing the existence of an enforceable contract. *See Winchek*, 232 S.W.3d at 202. Although the Agreement provides that SCIL is "not a lender," it agreed, on Dennis's behalf, to obtain a loan and "issue a letter of credit" to secure the loan. The Agreement also shows that on April 23, 2011, Dennis agreed to pay SCIL $826.43, ten-percent interest, and a fee of $165.29. He agreed to pay, on May 6, 2011, SCIL $994.66 by electronic debit from his banking account, providing SCIL with the pertinent routing and account number. In the event that he defaulted and SCIL had to pay on its letter of credit, Dennis agreed to pay SCIL. And he agreed to pay a fee of $30.00, for any returned check, and reasonable attorney's fees, in the event of collections. "In a contract to loan money, the material terms will generally be: the amount to be loaned, maturity date

---

[2] We recognize that a party's failure to timely respond to requests for admissions generally results in the matters therein being deemed admitted. *See* TEX. R. CIV. P. 198.2(c); *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005). SCIL's Requests for Admissions, however, required Dennis to admit or deny each of the substantive allegations in its petition. Requests for admission are intended to address uncontroverted issues. *Wheeler*, 157 S.W.3d at 443. A party may not use deemed admissions to try to preclude a presentation of the merits of a case. *See id.*

of the loan, the interest rate, and the repayment terms." *See T.O. Stanley*, 847 S.W.2d at 221. We conclude that the Agreement reflects these terms and is sufficiently certain to enable a court to determine the rights and responsibilities of the parties. *See id.*; *Winchek*, 232 S.W.3d at 202; *see also Somers v. Aranda*, 322 S.W.3d 342, 345 (Tex. App.—El Paso 2010, no pet.) (concluding that material terms of contract were sufficiently definite to support summary judgment).

The account statement shows that Dennis received from SCIL a "payday loan" of $826.43 on April 23, 2011; repayment of $994.66 was due on May 6, 2011; the debit from his banking account on May 9, 2011 was returned and a $30.00 fee added to his account; no payments were successfully made; and the amount due on the account as of the date of default was $1,024.66. Gonzalez's testimony establishes that SCIL performed the Agreement by advancing credit to Dennis as shown in the account documents; Dennis defaulted on the Agreement by failing to repay the loan as agreed; and the damages sustained. *See Winchek*, 232 S.W.3d at 202.

Dennis argues that SCIL's evidence is insufficient to support summary judgment because SCIL failed to produce "the original loan documents" and Gonzalez failed to confirm that "the copy was compared against the original." Defects in the form of affidavits or attachments will not constitute grounds for reversal unless specifically pointed out by objection by an opposing party with

7

opportunity, but refusal, to amend. TEX. R. CIV. P. 166a(f). Because the record does not show that Dennis objected in the trial court to the form of the loan documents, this issue is not preserved for appeal. *See id.*; TEX. R. APP. P. 33.1. Moreover, Gonzalez testified that he had care, custody, and control of the records pertaining to Dennis's account, which were maintained in the regular and ordinary course of business, and the loan documents attached were "true and correct copies" of those records. *See* TEX. R. CIV. P. 166a(f); *see also* TEX. R. EVID. 1003.

Next, Dennis asserts that SCIL failed to show that the account was "properly assigned" to James West. The record before us reflects that James West, as SCIL's counsel, brought this action on behalf of SCIL to recover on its Agreement with Dennis. Nothing in the record before us suggests that West is pursuing a cause of action on his own behalf.

Finally, Dennis argues that Gonzalez's affidavit is insufficient to support summary judgment because it does not "positively show" that it is based on personal knowledge. An affidavit must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated therein. *See* TEX. R. CIV. P. 166a(f). A complaint that an affidavit is not based on personal knowledge is a defect in form that must be preserved by objection in the trial court. *Rizkallah v. Conner*, 952 S.W.2d 580, 584–85 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Because the record does

8

not show that Dennis objected in the trial court on this basis, the issue is not preserved for appeal. *See id.*

Moreover, Gonzalez's testimony that his affidavit is based on his personal knowledge of the facts as Vice President of Customer Relations for SCIL demonstrates a sufficient basis for personal knowledge concerning Dennis's account. *See Brown v. Mesa Distribs., Inc.*, 414 S.W.3d 279, 287 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("An affidavit from a company officer claiming personal knowledge of the issue and the company's records is sufficient evidence for summary judgment."); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 365–66 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("The personal knowledge requirement is satisfied if the affidavit sufficiently describes the relationship between the affiant and the case so that it may be reasonably assumed that the affiant has personal knowledge of the facts stated in the affidavit.").

We conclude that SCIL's evidence, taken together, establishes the existence of a valid contract between SCIL and Dennis, SCIL tendered performance by providing a loan to Dennis, which Dennis accepted, and Dennis defaulted by failing to pay the outstanding balance of $1,024.66 in accordance with the Agreement. *See T.O. Stanley*, 847 S.W.2d at 221; *Winchek*, 232 S.W.3d at 202.

Because SCIL produced evidence establishing, as a matter of law, its right to summary judgment on its breach-of-contract claim, Dennis had the burden to come

9

forward with competent controverting *evidence* that raised a fact issue. *See Van*, 990 S.W.2d at 753. Dennis responded to SCIL's summary-judgment motion by filing answers to SCIL's Requests for Admissions. Because he did not offer any evidence, he did not meet his summary-judgment burden. *See id.*

We hold that SCIL established that it is entitled to summary judgment as a matter of law on its breach-of-contract claim. Accordingly, we overrule Dennis's sole issue.[3]

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

---

[3] Because we conclude that the trial court did not err in granting summary judgment on SCIL's breach-of-contract claim, we do not reach its other asserted grounds.