**In the Interest of Z.J.W., a Child.**

**No. 12–05–00053–CV.**

Court of Appeals of Texas, Tyler.

Jan. 31, 2006.

B. Diane Heindel, Law Firm of Diane Heindel, Tyler, for appellant.

Harold B. Beck, Tyler, John B. Worley, Rhonda A. Pressley, Austin, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

1. *See* TEX.R.APP. P. 30.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Dwight Simon Wofford appeals the trial court's default judgment establishing his paternity of Z.J.W. and setting child support. Wofford raises one issue on appeal. We reverse and remand.

### BACKGROUND

The Attorney General for the State of Texas sued to establish Wofford's paternity of Z.J.W. and set child support. Wofford did not appear for trial, and the trial court entered a default judgment against him. This restricted appeal followed.[1]

### SERVICE OF PROCESS

In his sole issue, Wofford argues that the trial court erred in rendering a default judgment because it does not appear affirmatively on the face of the record that he was served with process in strict compliance with the Texas Rules of Civil Procedure. Specifically, Wofford contends that the process does not contain an endorsement of the day and hour of its receipt by the officer for service.

Proper citation and return of service are crucial to establishing personal jurisdiction. *See TAC Americas, Inc. v. Boothe,* 94 S.W.3d 315, 318–19 (Tex.App.-Austin 2002, no pet.). There are no presumptions in favor of a valid issuance, service, and return of citation in the face of an attack on a default judgment by restricted appeal. *See Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Renaissance Park v. Davila,* 27 S.W.3d 252, 255 (Tex.App.-Austin 2000, no pet.). For a default judgment to withstand direct attack, the record must show strict compliance with the Texas Rules of Civil Procedure governing citation and return of ser-

vice, and a plaintiff defending a default judgment must show strict compliance with the procedural rules governing citation and return of service. *See Silver*, 884 S.W.2d at 152. Virtually any deviation will be sufficient to set aside the default judgment in a restricted appeal. *See Becker v. Russell*, 765 S.W.2d 899, 901 (Tex.App.-Austin 1989, no writ).

"Every officer or authorized person shall endorse on all process and precepts coming to his hand the day and hour on which he received them, the manner in which he executed them, and the time and place the process was served and shall sign the returns officially." TEX.R. CIV. P. 16. Likewise, Texas Rule of Civil Procedure 105 requires that the officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it and shall execute and return the same without delay. *See* TEX.R. CIV. P. 105.

In the case at hand, the process server wholly failed to endorse the process with the day and hour on which he received it. As such, the State cannot show that the process was in strict compliance with Texas Rule of Civil Procedure 105.

The State, however, argues that although "strict compliance" means literal compliance with the rules, *see Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.-Houston [1st Dist.] 1998, pet. denied), it does not require obeisance to the minutest detail. *See Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex.App.-Austin 2004, pet. denied); *Regalado v. State*, 934 S.W.2d 852, 854 (Tex.App.-Corpus Christi 1996, no writ); *Herbert v. Greater Gulf Coast Enterprises, Inc.*, 915 S.W.2d 866,

871 (Tex.App.-Houston [1st Dist.] 1995, no writ).[2] In conjunction with this principle, several courts of appeals have held that as long as the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated. *See, e.g., Williams*, 150 S.W.3d at 444 (omission of petitioner's name from citation not fatal where no confusion about whether the correct party was actually served); *Regalado*, 934 S.W.2d at 854 (hand-written notation "c/o Maria Regalado" on the return of the citation did not invalidate service where citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex.App.Corpus Christi 1996, writ denied) (the omission of the accent mark and the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service); *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 41 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.) (judgment upheld where petition and citation reflected registered agent "Philippe Petitfrere," the return reflected "Philipee Petitfreere"); *Popkowsi v. Gramza*, 671 S.W.2d 915, 918 (Tex.App.-Houston [1st Dist.] 1984, no writ) (judgment upheld where there was dispute of fact whether handwritten return of service said "Michael Poprowski" or "Michael Popkowski"). In other words, it has been held that in certain instances, substantial compliance will suffice.

Yet, for well over a century, the Texas Supreme Court has required that strict compliance with the rules of service of citation affirmatively appear on the record

---

2. This court has recently cited *Herbert* for the proposition that strict compliance does not require obeisance to the minutest detail. *See, e.g., Fidelity & Guarantee Ins. Co. v. Drewery Constr. Co., Inc.*, No. 12–04–00084–CV, 2005

WL 468323, at *2 (Tex.App.-Tyler February 28, 2005, pet. filed). Cases such as these turn on their facts. As set forth herein, we do not consider the omission in the instant case to be a minute detail.

in order for a default judgment to withstand direct attack. *See Silver,* 884 S.W.2d at 152 (citing *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985); *McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. Kingsville,* 125 Tex. 510, 82 S.W.2d 934, 934 (1935); *Sloan v. Batte,* 46 Tex. 215, 216 (1876); *Roberts v. Stockslager,* 4 Tex. 307, 309 (1849)). We iterate that "strict compliance" means literal compliance with the rules. *See Hernandez,* 981 S.W.2d at 949.

■ In the instant case, the process wholly failed to comply with Texas Rule of Civil Procedure 105. We cannot conclude that the entirety of the text of Rule 105 amounts to a minute detail or formality. Were we to so conclude, it would amount to a holding that Rule 105 is ineffectual and could be disregarded. Inasmuch as the Texas Supreme Court has not sought to repeal Rule 105, we conclude that literal compliance with its mandates is required for service to support a default judgment. Therefore, because the process in the case at hand wholly failed to comply with Rule 105, the default judgment rendered against Wofford was improper. Wofford's sole issue is sustained.[3]

### DISPOSITION

Having sustained Wofford's sole issue, we *reverse* the trial court's default judgment and *remand* the matter for a new trial.

---

3. Wofford has noted other defects concerning the process and return of service in conjunction with his sole issue. Because Woford's first argument was dispositive of the issue, we did not reach his remaining arguments.