Mark Conner MANSELL, Appellant

v.

INSURANCE COMPANY OF THE
WEST as Subrogee of Lyle
Tiedemann, Appellee.

No. 14–05–00844–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2006.

Kathryn Marie Pfeiffer Anderson, Houston, for appellants.

Elliott Klein, Houston, Christopher Steven Norton, Lindsay Annette Wallace, Dallas, for appellees.

Panel consists of Chief Justice
HEDGES and Justices YATES and
GUZMAN.

## OPINION

LESLIE BROCK YATES, Justice.

This is a restricted appeal from a default judgment. In five issues, appellant Mark Conner Mansell complains the trial court erroneously granted default judgment in favor of appellee Insurance Company of the West ("ICW") because (1) the citation was defective, (2) the trial court signed ICW's interlocutory summary judgment motion without valid service, (3) the evidence is legally and factually insufficient to support the trial court's damages award, (4) the trial court entered an erroneous post-judgment interest rate, and (5) the clerk failed to properly notify him of the final default judgment. Because we find the citation was defective, we reverse and remand.

The underlying case involves a worker's compensation claim for injuries sustained in an automobile accident. In July 2001, Mansell struck the back of a vehicle in which Lyle Tiedemann, a San Jacinto College employee, was a passenger. Tiedemann subsequently filed a worker's compensation claim, and ICW, the college's insurer, paid him $67,481 in medical and indemnity benefits. On June 3, 2003, ICW sued Mansell as subrogee of Tiedemann's negligence claim. After an unsuccessful attempt to locate Mansell for service of process at his last known address, a trailer that was "boarded up and appear[ed] vacant," ICW filed a motion for substitute service. The trial court initially granted the motion on December 11, 2003 and authorized service by mailing and leaving copies of the citation at the trailer. ICW served Mansell in this manner and then moved for interlocutory default judgment when Mansell did not answer. However, after reviewing its previous order for substitute service, the trial court determined service at the trailer was "not reasonably effective to give [Mansell] notice of this suit." Consequently, it issued orders vacating and setting aside its order granting substitute service and denying ICW's motion for interlocutory default judgment.

Mansell was subsequently located at another address and personally served there on April 16, 2005. However, the citation erroneously stated the petition's filing date was June 3, *2004* rather than June 3, 2003. When Mansell again failed to answer, ICW moved for default judgment on May 25, 2005. After a May 26, 2005 hearing at which Mansell did not appear, the trial court entered final judgment in ICW's favor.[1] Mansell did not file a motion for new trial, and on August 15, 2005, he timely filed this restricted appeal.

In his first issue, Mansell claims the citation was fatally defective because it misstated the date of ICW's petition. To prevail in a restricted appeal, a party must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* TEX.R.APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the statement of facts. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997).

---

1. The record shows the clerk inexplicably sent Mansell's notice of final judgment to the vacant trailer at which he previously could not be located rather than the address where he was later found.

██ In reviewing a default judgment in a restricted appeal, an appellate court does not presume valid issuance, service, and return of citation. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). If the record does not show strict compliance with the rules governing citation, the service is invalid and in personam jurisdiction cannot be established. *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318–19 (Tex.App.-Austin 2002, no pet.). Moreover, virtually any deviation from these rules is sufficient to set aside the default judgment in a restricted appeal. *Id.* at 319; *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990) ("[A] default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements."). A proper citation must show the date the petition was filed. *See* TEX.R. CIV. P. 99(b)(4). Texas law has long held that errors in stating the petition's filing date are fatally defective. *See generally Garza v. Garza*, 223 S.W.2d 964, 964 (Tex.Civ.App.-San Antonio 1949, no writ) (finding impossible filing date of October 19, 194__ fatally defective); *Conner v. W.C. Bowman Lumber Co.*, 45 S.W.2d 237, 238 (Tex.Civ.App.-Austin 1931, no writ) (invalidating citation stating petition filing date of May 30, 1931 when the correct date was March 30, 1931); *Nat'l Ben Franklin Fire Ins. Co. v. Scott*, 214 S.W. 604, 604 (Tex.Civ.App.-Amarillo 1919, no writ) (invalidating citation that did not state petition filing date). Here, Mansell's citation erroneously recites the petition's filing date as 2004 rather than 2003; thus, the citation does not comply with the citation rules.

ICW acknowledges the error but notes there is a "recent trend toward a more practical, lenient approach" regarding strict compliance. *See Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 871 (Tex.App.-Houston [1st Dist.] 1995, no writ) (noting that, when citation return recited "complaint" rather than "petition," "[e]ven strict compliance does not require such absolute obeisance to the minutest detail"). Specifically, ICW points to misnomer cases stating that, although strict compliance requires correct spelling of the name of the person named in the citation, in some cases, default judgments may be upheld despite a misspelling of the defendant's name when the defendant was actually served with process and not confused or misled by the misnomer. *See, e.g., Cockrell v. Estevez*, 737 S.W.2d 138, 139–40 (Tex.App.-San Antonio 1987, no writ) (validating citation misspelling Cockrell as "Cockrall" when defendant was personally served, did not claim the error misled him, and the spellings "appear to be nearly indistinguishable by their sounds when pronounced").

We disagree with ICW that strict compliance should not be required in reciting the petition's filing date. This statutory requirement has remained substantially the same since the beginning of the twentieth century, and the legislature has indicated no intent to relax strict compliance in this regard.[2] Even if we applied the more relaxed analysis from the misnomer cases, we would still find the citation defec-

2. See TEX.R. CIV. P. 99(b)(4) (current rule, replacing former Rule 101, requiring the citation to "show [the] date of filing of the petition"); Tex.R. Civ. P. 101, 14 Tex. B.J. 633 (1951, repealed 1987 and replaced with portion of Rule 99) (first relevant civil procedure rule, stating: "[The citation] shall state the date of the filing of the petition"); Tex.Rev. Civ. Stat. Ann. art. 2022 (Vernon 1925) (pre-rules statute, providing: "[The citation] shall state the date of the filing of the petition."), *repealed by* Act of May 12, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex. Gen. Laws 201, 201 (repealing all procedure rules as precursor to enactment of rules of civil procedure).

tive here. The misnomer cases all require that the defendant was actually served with process and was not confused or misled by the misnomer. *See N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 719–20 (Tex.App.-Austin 2003, pet. denied) (finding omission of word in company's name on citation return fatally defective because it could have caused confusion as to the intended defendant and "[t]here is no showing in the record that ... no confusion occurred because of the mistake in the return"); *Cockrell*, 737 S.W.2d at 139–40; *see also Dezso v. Harwood*, 926 S.W.2d 371, 374 (Tex.App.-Austin 1996, writ denied) (upholding default judgment despite misnomer when defendant received service and knew she was the intended defendant). Unlike those cases, here there has been no showing that the erroneous date did not confuse or mislead Mansell in some way. Because the citation was fatally defective and thus there is error on the face of the record, we sustain Mansell's first issue. Accordingly, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.[3]

---

**3.** Having sustained Mansell's first issue, we need not consider his remaining issues because if sustained, they would result in remand only and thus are not "necessary to the final disposition of the appeal." *See* Tex. R.App. P. 47.1.