# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00643-CV

**Monte Montgomery, Appellant**

**v.**

**Monty Hitchcock, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-14-000489, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is a direct appeal from a no-answer default judgment taken against Monte Montgomery by Monty Hitchcock for actual damages and attorney's fees. Hitchcock sued Montgomery for breach of a promissory note and served Montgomery by substituted service. Because the record reflects that the citation was defective, we reverse the default judgment and remand to the trial court for a new trial.

## BACKGROUND

Montgomery, a professional musician, entered into a promissory note in the amount of $50,000.00 with Hitchcock, a music industry manager, in May 2010. Montgomery made some payments on the note, but none after December 2010. Hitchcock gave Montgomery written notice of default but received no additional payments. On February 17, 2014, Hitchcock filed suit against Montgomery in Travis County district court, alleging breach of the promissory note and seeking

attorney's fees under chapter 38 of the Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 38.000–.006. The next day, the Travis County District Clerk issued citation directed to Montgomery at 4415 Cisco Valley Drive, Round Rock, Texas 78664. The citation erroneously stated that the petition had been filed on February 18, 2014, rather than on February 17, 2014.

On May 13, 2014, Hitchcock filed a motion for substituted service. On May 14, 2014, the trial court issued an order for substituted service by delivery of the citation and petition to anyone over age 16 or by posting to the door at the Cisco Valley Drive address. *See* Tex. R. Civ. P. 106(b) (providing for substituted service upon motion supported by affidavit). On May 15, 2014, the process server executed a return of service by posting to the door. Montgomery did not file an answer, and on July 9, 2014, the trial court rendered a final judgment awarding Hitchcock $59,357.63 in actual damages and $1,650.00 in attorney's fees. Montgomery filed a motion for new trial on August 8, 2014, which was overruled by operation of law. This appeal followed.

## DISCUSSION

**Substituted Service**

As part of his first issue, Montgomery argues that the citation was fatally defective because it misstated the date of filing of Hitchcock's petition. We agree. The Texas Supreme Court has "long demanded strict compliance with applicable requirements when a defendant attacks a default judgment." *Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam). "'Strict compliance' means literal compliance with the rules governing issuance, service, and return of

2

citation." *Amato v. Hernandez*, 981 S.W.2d 947, 950 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In contrast to the usual rule that all presumptions will be made in support of a judgment, when a default judgment is challenged, "[t]here are no presumptions in favor of valid issuance, service, and return of citation . . . ." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Rather, a plaintiff defending a default judgment has the burden to show strict compliance with the procedural rules governing citation and return of service. *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.); *see Primate Constr.*, 884 S.W.2d at 152. The purpose of citation is to give the court jurisdiction over the parties and to provide notice to the defendant that he has been sued by a particular party, asserting a particular claim, in order to satisfy due process and allow the defendant the opportunity to appear and defend the action. *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 675–76 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (citing *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 146 (Tex. 1951)). "If the record does not show strict compliance with the rules governing citation, the service is invalid and in personam jurisdiction cannot be established." *Mansell v. Insurance Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Boothe*, 94 S.W.3d at 318–19. "[A] default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Rule 99 requires that the citation show the "date of filing of the petition." *See* Tex. R. Civ. P. 99(b) (listing requirements for citation). "Texas law has long held that errors in stating the petition's filing date are fatally defective." *Mansell*, 203 S.W.3d at 501–02 (observing that

3

statutory requirement that citation must recite filing date of petition "has remained substantially the same since the beginning of the twentieth century, and the legislature has indicated no intent to relax strict compliance in this regard" and reversing default judgment, despite actual personal service, where filing date was June 3, 2003, and citation recited filing date of June 3, 2004); *see In re J.T.O.*, No. 04-07-00241-CV, 2008 Tex. App. LEXIS 303, at *1–3 (Tex. App.—San Antonio Jan. 16, 2008, no pet.) (mem. op.) (finding citation fatally defective where pleading was filed on November 1, 2006, and citation stated filing date of December 08, 1994, and reversing default judgment); *Hance v. Cogswell*, 307 S.W.2d 277, 278–80 (Tex. Civ. App.—Austin 1957, no writ) (reversing default judgment where citation did not state date of filing of petition, file number of suit, or date of issuance); *Garza v. Garza*, 223 S.W.2d 964, 964 (Tex. Civ. App.—San Antonio 1949, no writ) (finding impossible filing date of "October 19, 194_" fatally defective and reversing default judgment); *Conner v. W.C. Bowman Lumber Co.*, 45 S.W.2d 237, 238–39 (Tex. Civ. App.—Austin 1931, no writ) (remanding at request of both parties and stating that citation reciting petition filing date of May 30, 1931, when correct date was March 30, 1931, would require reversal); *National Ben Franklin Fire Ins. Co. v. Scott*, 214 S.W. 604, 604 (Tex. Civ. App.— Amarillo 1919, no writ) (invalidating citation that did not state petition filing date); *Simms v. Miears*, 190 S.W. 544, 544 (Tex. Civ. App.—Austin 1916, no writ) (noting concerns of potential statute of limitations defense and finding citation fatally defective where filing date was October 5, 1915, and citation recited date of October 6, 1915); *see also In the Interest of Z.J.W.*, 185 S.W.3d 905, 908 (Tex. App.—Tyler 2006, no pet.) (concluding that because Texas Supreme Court has not sought to repeal Rule 105,

4

governing process server's endorsement of citation, literal compliance with its mandates is required for service to support default judgment).

In this case, the citation erroneously recited the petition's filing date as February 18, 2014, rather than February 17, 2014. Thus, the citation does not comply with Rule 99(b). *See Hubicki*, 226 S.W.3d at 408; *In re J.T.O.*, 2008 Tex. App. LEXIS 303, at *1–3; *Amato*, 981 S.W.2d at 950 (requiring literal compliance with rules governing issuance of citation despite actual personal service). Further, there has been no showing that the erroneous date did not confuse or somehow misled Montgomery. *See Mansell*, 203 S.W.3d at 501 (noting that there was no evidence defendant was not confused or misled by erroneous date; declining to apply more relaxed analysis applied in misnomer cases, which require evidence that defendant was actually served and was not confused or misled; and requiring strict compliance despite actual service).

Hitchcock acknowledges the error but argues that the erroneous filing date recited in the citation is a minor discrepancy that should not require reversal under the "more modern approach." In so arguing, he relies on *Williams v. Williams*, 150 S.W.3d 436 (Tex. App.—Austin 2004, pet. denied). In *Williams*, this Court cited the principle that strict compliance with the rules of service of citation does not require "obeisance to the minutest detail." *See id.* at 443–44. However, cases relying on that proposition "turn on their facts," which include that "the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit." *In re Z.J.W.*, 185 S.W.3d at 907 & n.2. In *Williams*, although the citation omitted the name of the petitioner in a suit to terminate the parent-child relationship, the respondent was personally served, appeared at the hearing on her motion for new trial, and testified that she had been properly served,

5

had read "all of 'the papers,'" and had drafted a response but did not mail it until after the default judgment was rendered. *See* 150 S.W.3d at 441–42, 444–45; *see also* Tex. R. Civ. P. 99(b) (requiring citation to show names of parties). This Court concluded that failure to include the name of a party is not a minute detail but observed that the purpose behind strict adherence to the rules regarding service of citation is to "ensure that there is no question about whether the proper party has been served before a default judgment is rendered." *Williams*, 150 S.W.3d at 444 (stating that as long as record as whole shows citation was served on defendant, service of process will not be invalidated). The court therefore reasoned that because there was no dispute that respondent had been personally served and because the record established that she was aware of the identity of the petitioner (her ex-husband), the trial court did not err in assuming personal jurisdiction over her. *Id.* at 445. In contrast, here, service was purportedly obtained through substituted service by posting to the door of Montgomery's residence, not by personal service. Further, Montgomery did not file an answer, and he maintains that he was not served and first learned of the suit upon receiving a copy of the default judgment from the Travis County District Clerk. Thus, the record before us as a whole does not establish that Montgomery was served, and we do not find *Williams* controlling. *Cf. id.* at 444–45.

We also observe that the Texas Supreme Court and our sister courts have required strict compliance with other rules of issuance, service, and return of citation. *See, e.g.*, *Insurance Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (per curiam) (reversing default judgment where return lacked required notation showing hour of receipt of citation, as required by Rules 16 and 105); *Premier Coin Galleries, Inc. v. Grinage*, No. 04-08-00863-CV,

2009 Tex. App. LEXIS 4691, at *6 (Tex. App.—San Antonio June 24, 2009, no pet.) (mem. op.) (reversing default judgment where return presented inconsistency in times of receipt and execution); *In re Z.J.W.*, 185 S.W.3d at 907–08 (reversing default judgment where return lacked required notation showing hour of receipt of citation, as required by Rules 16 and 105); *Payne v. Payne*, No. 14-05-00738-CV, 2006 Tex. App. LEXIS 8573, at *1, *6, *8 (Tex. App.—Houston [14th Dist.] Oct. 5, 2006, no pet.) (mem. op.) (reversing default judgment where return did not indicate manner of service, as required by Rule 107); *Smith v. United States Auto. Acceptance 1995-I, Inc.*, No. 05-98-00061-CV, 2000 Tex. App. LEXIS 2434, at *7–10 (Tex. App.—Dallas Apr. 13, 2000, no pet.) (not designated for publication) (reversing default judgment where return did not clearly indicate that signature was that of sheriff, as required by Rules 103 and 107).

We conclude that because the citation failed to recite the correct filing date of the petition in accordance with Rule 99(b), it was fatally defective. *See Lejeune*, 297 S.W.3d at 256; *Mansell*, 203 S.W.3d at 501. We therefore sustain Montgomery's first issue as to that argument.[1] Accordingly, we reverse the default judgment and remand for further proceedings.

## CONCLUSION

We reverse the trial court's judgment and remand this case to the trial court for further proceedings consistent with this opinion.

---

[1] Having sustained Montgomery's first issue as to the citation, which is dispositive, we need not consider the remainder of his first issue, in which he challenges the default judgment on the basis of error in the return; his second issue, in which he argues that the trial court abused its discretion in allowing his motion for new trial to be overruled by operation of law; or his third issue, in which he challenges the sufficiency of the evidence to support the award of actual damages and attorney's fees. *See* Tex. R. App. P. 47.1.

7

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Reversed and Remanded

Filed:   May 25, 2016