**Reversed and Remanded and Memorandum Opinion filed January 31, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00761-CV

**WORLDWIDE AUTOTAINMENT, INC., GENERAL PARTNER FOR AUTOTAINMENT PARTNERS LIMITED PARTNERSHIP D/B/A PLANET FORD, Appellant**

**V.**

**JOHN MATTHEW GALLOWAY, Appellee**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2016-70197**

## MEMORANDUM OPINION

Worldwide Autotainment, Inc., General Partner for Autotainment Partners Limited Partnership d/b/a Planet Ford brings this restricted appeal challenging a default judgment granted in favor of John Matthew Galloway. Worldwide contends the trial court erred by granting the default judgment because service of process was defective. We reverse and remand.

BACKGROUND

Galloway sued Worldwide for breach of contract and violations of the Deceptive Trade Practices Act on October 14, 2016. In his original petition, Galloway alleged that Worldwide failed to properly perform work on his truck, "resulting in catastrophic damage to [his] truck." Galloway stated that Worldwide could be served through its agent, CSC, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

Galloway's civil process request shows he requested that service be issued to Worldwide by serving its registered agent CSC by certified mail. The Harris County District Clerk issued a citation on October 15, 2016, which was directed to Worldwide through its agent CSC at the Austin address provided by Galloway. The bottom of the citation contained a return of service, which was to be completed by the deputy clerk to whom it was issued. The return contained lines on which the deputy clerk was to state the name of the person served by certified mail, return receipt requested; the date and time of service; and the address at which service was completed. The return also included alternative blanks to be filled out if service was not completed to state the reason for why service was not completed. However, the only return contained in the record before us is completely blank.

The record contains a copy of one side of a certified mail receipt stamped November 7, 2016, and addressed to Worldwide Autotainment Inc. and CSC Systems at the Austin address. There also is a copy of a postal service's return receipt (green card) indicating November 15, 2016 as the delivery date. The return receipt was addressed to Worldwide Autotainment Inc. and CSC Systems at the Austin address. It was signed by "Chris Salzan." Next to Salzan's signature are two boxes which can be checked to identify the recipient as "Agent" or "Addressee." Both boxes are blank. The return receipt was stamped "Filed" by the Harris County

2

District Clerk on November 17, 2016, at 10:07 a.m.

Galloway filed a motion for default judgment, in which he stated, "A Citation was issued by the Harris County District Clerk's office[,] and on November 15, 2016, Defendant was duly served with Citation and Plaintiff's Original Petition by certified mail, return receipt requested." He further stated that the citation and proof of service had been on file for at least ten days. Galloway stated that he is entitled to a default judgment on liability and damages, but that his damages are unliquidated and evidence thereof "will be presented at the hearing to establish the amount of damages."

The trial court heard evidence with regard to Galloway's damages and signed a default judgment on July 10, 2017, awarding damages and attorney's fees. Worldwide filed a notice of restricted appeal on September 29, 2017.

**Analysis**

Worldwide argues in its sole issue on appeal that the trial court erroneously granted the default judgment because Galloway did not strictly comply with the rules governing service of citation when the return of service was neither completed nor signed by an officer or authorized person as required by Texas Rule of Civil Procedure 107.

To prevail on a restricted appeal, Worldwide must establish that (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the challenged judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Air Voice Wireless, LLC v. M&E Endeavours*

3

*LLC*, No. 14-15-00548-CV, 2016 WL 5342707, at *3 (Tex. App.—Houston [14th Dist.] Sept. 22, 2016, no pet.) (mem. op.). For purposes of a restricted appeal, the record consists of all papers on file in the appeal. *Air Voice Wireless, LLC*, 2016 WL 5342707, at *3; *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 500 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

The Texas Supreme Court has "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *see Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam). When a default judgment is challenged by restricted appeal, there are no presumptions in favor of valid issuance, service, and return of citation. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex. 2007) (per curiam); *Silver*, 884 S.W.2d at 152; *Air Voice Wireless, LLC*, 2016 WL 5342707, at *3. If the record does not show strict compliance with the rules governing issuance, service, and return of citation, the attempted service of process is invalid and the trial court has no personal jurisdiction over a defendant. *Air Voice Wireless, LLC*, 2016 WL 5342707, at *3; *see also Mansell*, 203 S.W.3d at 501. Moreover, virtually any deviation from these rules is sufficient to set aside the default judgment in a restricted appeal. *Air Voice Wireless, LLC*, 2016 WL 5342707, at *3; *Mansell*, 203 S.W.3d at 501.

Citation shall be served by an authorized person mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto. Tex. R. Civ. P. 106(a)(2). A return of service must be completed and signed by the officer or authorized person executing the citation. Tex. R. Civ. P. 107(a), (e); *Allied Collision Ctr., Inc. v. Clark*, No. 14-15-

4

01098-CV, 2017 WL 626637, at *2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2017, no pet.) (mem. op.). If the return is signed by a person other than a sheriff, constable, or clerk of the court, then the return must either be verified or signed under penalty of perjury. *See* Tex. R. Civ. P. 107(e); *Clark*, 2017 WL 626637, at *2. The return must also include the date and time the process was received for service. Tex. R. Civ. P. 107(b). If the citation was served by certified mail, then the return also must contain the return receipt signed by the addressee. *See* Tex. R. Civ. P. 107(c); *Clark*, 2017 WL 626637, at *2.

Worldwide filed its notice of restricted appeal within six months after the judgment was signed; it was a party to the underlying lawsuit; and it did not participate in the hearing that resulted in the challenged judgment and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law. Therefore, the only question is whether error was apparent on the face of the record. *See Lejeune*, 297 S.W.3d at 255.

Worldwide argues the record shows a lack of strict compliance with Texas Rule of Civil Procedure 107 because the return of service is neither signed nor completed by the clerk. Galloway counters that there is no error on the face of the record because the certified mail receipt and the return receipt, "taken together, satisfy the requirements of Tex. R. Civ. P. 106 and 107." Galloway also contends that "[t]here should be some causal connection between the alleged defect [in service] and any reason that Worldwide did not or could not enter an appearance" before setting aside the default judgment. According to Galloway, Worldwide "should not be entitled to a new trial because Worldwide was lucky enough to find an alleged defect in the manner in which the District Clerk's office filled out the paperwork confirming Worldwide was served with the Citation."

We understand Galloway's argument but it is not sufficient to prove that strict

5

compliance with service was attempted. Even "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him." *Wilson*, 800 S.W.2d at 836. "[I]n order for a default judgment to be properly rendered, the record must affirmatively show, *at the time the default judgment is entered*, either an appearance by the defendant, proper service of citation on the defendant, or a written memorandum of waiver." *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *4 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (mem. op.) (quoting *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (emphasis in original)).

Galloway cites to *Walker v. W.J.T., Inc.*, 737 S.W.2d 48, 49 (Tex. App.—San Antonio 1987, no writ) to support his argument that the certified mail receipt and the return receipt, "taken together, satisfy the requirements of" Rule 106 and 107. In *Walker*, the court held that a combination of a certificate of service on the reverse side of the return of service, a certified mail receipt, and a return receipt satisfied the requirements of Rule 106 and 107. *Id*. However, this court later disagreed with the San Antonio court's decision in *Walker*, and we will adhere to our precedent. If the record showed that Galloway had attempted to cure the facial defects by communicating with the Clerk's office or CSC, those actions would likely have proved enough to comply with our requirement of strict compliance with the rule; there is, after all, only so much that was in Galloway's control with regard to the service requirements.

We have held that failure to affirmatively show strict compliance with the rules regarding issuance, service, and return of service renders the attempted service invalid. *Am. Bankers Ins. Co. v. State*, 749 S.W.2d 195, 197 (Tex. App.—Houston [14th Dist.] 1988, no writ). "'Strict compliance' means literal compliance with the

6

rules governing issuance, service, and return of citation." *Montgomery v. Hitchcock*, No. 03-14-00643-CV, 2016 WL 3068219, at *1 (Tex. App.—Austin May 25, 2016, no pet.) (mem. op.) (quoting *Amato v. Hernandez*, 981 S.W.2d 947, 950 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)). Thus, this court has held that failure to sign the return of service renders the return fatally defective and will not support a default judgment on direct attack. *Am. Bankers Ins. Co.*, 749 S.W.2d at 197*; see also Kaminetzky*, 2011 WL 6938536, at *5 ("Failure of the officer to sign the return is fatal and will defeat a default judgment."). "This is true even when a postal return receipt is included in the record." *Kaminetzky*, 2011 WL 6938536, at *5; *Laidlaw Waste Sys. Inc. v. Wallace*, 944 S.W.2d 72, 74-5 (Tex. App.—Waco 1997, writ denied) (rejecting argument that a combination of a certificate of service, a certified mail receipt, and a return receipt satisfied the requirements of Rule 106 and 107).

Here, the only return of service in the record is neither signed nor completed by a deputy clerk or officer of the district clerk's office. The return is, in fact, completely blank and there is no evidence in the record that Galloway attempted to meet the requirements for a return of service set out in Rule 107. These deficiencies render the return fatally defective and require reversal of the default judgment and remand to the trial court. *See Am. Bankers Ins. Co.*, 749 S.W.2d at 197 (holding that return was fatally defective requiring reversal of default judgment, even though the record contained signed return receipts)*; see also Kaminetzky*, 2011 WL 6938536, at *5 (holding that return of service was ineffective and default judgment cannot stand when citation and original petition were sent by certified mail but the return of service was not completed and signed by an officer of the district clerk's office); *Deutsche Bank Trust Co. Americas v. Mahoney*, No. 03-05-00058-CV, 2006 WL 305280, at *1 (Tex. App.—Austin Feb. 10 2006, no pet.) (holding that, although record contained certified mail and return receipt indicating that citation was

7

delivered, the blanks for the required information in the officer's return section of the citation remain unfilled and these empty blanks rendered the service of citation defective requiring reversal and remand of the judgment); *Laidlaw Waste Sys.*, 944 S.W.2d at 75 (holding that default judgment must be reversed because a combination of a certificate of service, a certified mail receipt, and a return receipt cannot be substituted for a completed officer's return of service and does not satisfy the requirements of Rule 106 and 107); *cf. Clark*, 2017 WL 626637, at *2 (holding that trial court erred by failing to grant motion for new trial attacking a default judgment when the return of service was blank, even though the record also contained a "Proof of Service Via Certified Mail").

Further, it is the responsibility of the party requesting service to ensure that proof of proper service is completed and reflected in the record. *Silver*, 884 S.W.2d at 153; *Kaminetzky*, 2011 WL 6938536, at *5; *Laidlaw Waste Sys.*, 944 S.W.2d at 75.

We hold that the return on Worldwide's citation was defective because the record affirmatively shows a lack of strict compliance with Rule 107. Therefore, we conclude that there is error on the face of the record requiring reversal of the default judgment, and we sustain Worldwide's sole issue.

## CONCLUSION

Having sustained Worldwide's issue, we reverse the default judgment and remand the case to the trial court for further proceedings.


/s/    Meagan Hassan
        Justice


Panel consist of Justices Wise, Hassan, and Poissant.

8