**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 10, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00749-CV

---

### IN RE TROY WIGLEY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**434th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCV-244689**

---

## MEMORANDUM OPINION

On January 22, 2019, relator Troy Wigley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable James H. Shoemake, presiding judge of the 434th District Court of Fort Bend County, to rule on four motions: "Motion for an Evidentiary Hearing and Notice of Suit";

"Motion to Compel Defendants To Answer"; "Motion for Appointment of Counsel"; and "Motion for Leave to Amend and Supplemental Complaint."

As the party seeking relief, relator has the burden of providing this court with a sufficient record to establish his right to mandamus relief. *See Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

A judge is required to rule on a motion within a reasonable time after the motion has been submitted to the court for a ruling. *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). "The record must show both that the motion was filed and brought to the attention of the judge for a ruling." *In re Wigley*, No. 14-19-00059-CV, 2019 WL 386339, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2019, orig. proceeding) (per curiam) (mem. op.). In civil cases such as the underlying case, the Rules of Judicial Administration provide that district and statutory county court judges should, so far as reasonably possible, ensure that civil jury cases are brought to trial or final disposition within 18 months from appearance date and civil nonjury cases are brought to trial or final disposition within 12 months from appearance date. Tex. R. Jud. Admin.6.1(a).

To establish that the motion was filed, relator must provide either a file stamped copy of the motion or other proof that the motion was in fact filed. *In re Bishop*, No. 14-06-00636-CV, 2006 WL 2434200, at *1 (Tex. App.—Houston [14th Dist.] Aug. 24, 2006, orig. proceeding) (per curiam) (mem. op.).

2

Attached to relator's petition is a "Motion for Appointment of Counsel," with a stamp indicating it was filed on September 20, 2017, a "Motion for an Evidentiary Hearing and Notice of Suit," with a stamp indicating it was filed on September 20, 2017, and a "Motion to Compel Defendants To Answer," with a stamp indicating it was filed on September 20, 2017, and "Motion for Appointment of Counsel," with a stamp indicating it was filed on November 30, 2017. The file stamps are sufficient to show these motions have been filed.

Also attached to relator's petition is a "Motion for Leave to Amend and Supplemental Complaint" which has no file stamp, but relator submits an unsworn declaration that he mailed this motion to the district clerk on July 24, 2018. But such declaration does not prove the motion was received and filed by the clerk.

Even assuming that all four of above-refenced motions have been filed, relator must also provide a record showing he brought the motions to the attention of the judge for a ruling. "Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention for a ruling because the clerk's knowledge is not imputed to the trial court." *In re Amaro*, No. 14-14-00340-CV, 2014 WL 2157088, at *1–2 (Tex. App.—Houston [14th Dist.] May 20, 2014, orig. proceeding) (per curiam) (mem. op.). "Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead, the party demanding a ruling must set its request either for submission or a hearing." *In re Dong Sheng Huang*, 491 S.W.3d 383, 385–86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding). *See also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (denying petition because relator did not provide record demonstrating he asked for hearing after he filed

3

motions); *In re Harris*, No. 14–07–231–CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (mem. op.) (holding relator not entitled to mandamus relief when record did not show relator alerted judge of motion by setting it for submission or hearing). The duty to procure a hearing rests on the moving party, not upon the trial judge. *Bolton's Estate v. Coats*, 608 S.W.2d 722, 729 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). A judge's failure to set a motion for hearing, when not asked to make such a setting, is not an abuse of discretion. *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ).

Attached to relator's petition are four letters. Three of the letters (dated June 3, 2019, March 1, 2019, and February 13, 2018 and addressed to the district clerk) request the district clerk to bring the matter to the attention of Judge Shoemake and request Judge Shoemake to render an order on the motions at issue. The fourth letter (dated June 10, 2019 and addressed to Judge Shoemake) requests Judge Shoemake to render an order on the motions.

These letters are insufficient to show that the motions have been brought to the attention of the trial judge for a ruling for at least three reasons. First, none of the letters request that a hearing be set on the motions. "Relator's failure to request a hearing is fatal to his request for a writ of mandamus." *In re Rodriguez*, No. 05-16-01352-CV, 2016 WL 7163875, at *1 (Tex. App.—Dallas Nov. 29, 2016, orig. proceeding) (mem. op.) (citing *In re Dong Sheng Huang*). Second, the letters are not sworn copies. *See In re Buholtz*, No. 05-14-01286-CV, 2014 WL 5426127, at *1 (Tex. App.—Dallas Oct. 27, 2014, orig. proceeding) (mem. op.) (denying petition because documents in appendix were not authenticated or sworn to). Third, relator

4

has not provided any proof that these letters were properly mailed and received by the clerk or the judge. The letters have no file stamps indicating that they have been filed.

Further, a court has no power, and hence no duty, to rule upon a matter over which it has no jurisdiction. *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 179 (Tex. 1988). "Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'" *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (orig. proceeding). "If the record does not show strict compliance with the rules governing citation, the service is invalid and in personam jurisdiction cannot be established." *Mansell v. Insurance Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Relator has not provided a record showing that he has strictly complied with the rules governing citation.

Finally, Texas Rule of Appellate Procedure 52.3(j) provides that "[t]he person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." *See* Tex. R. App. P. 52.3(j). Relator's petition does not contain this certification. Relator's petition states only that the "above and foregoing is true and correct."

The ability of the court of appeals to grant a writ of mandamus to compel a trial judge to rule is highly constrained. In addition, the court of appeals does not have the authority to oversee general docket management and the prompt disposition of cases in the district and statutory county courts. That duty is entrusted to the

5

presiding judge of the administrative region. Tex. R. Jud. Admin. 5; *see* Tex. Gov't Code Ann. § 74.024.

We deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Spain, and Poissant.