

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00229-CV

---

**MATTHEW JOHN GUZMAN, APPELLANT**

**V.**

**BRITTANY MICHELE GUZMAN (IN THE INTEREST OF E.M.G., A CHILD),
APPELLEES**

---

On Appeal from the 407th District Court
Bexar County, Texas
Trial Court No. 2023-CI-09346, Honorable Randy Gray, Presiding

---

May 16, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Matthew Guzman, appeals from a Chapter 7B protective order issued against him on behalf of Appellees, E.M.G. (a child) and Brittany Guzman (the child's mother), pursuant to the Code of Criminal Procedure.[1]  We affirm the order of the trial court.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 7B.001–.008.  Chapter 7A was repealed effective January 1, 2021, and its provisions were recodified in Chapter 7B of the Code of Criminal Procedure.  *Detton v.*

**Background**

Appellant contends that he had been married to Brittany until 2021, when the parties divorced in Bexar County, Texas.[2] He also contends that Brittany, in late 2022, had filed an application for a protective order against him in Bexar County, but that the matter was ultimately non-suited at the urging of the Bexar County District Attorney's office. He further contends she filed an application for a second protective order in Bexar County, alleging the same facts. However, Appellant supported none of the foregoing statements with references to the appellate record.[3]

In February 2023, the Comal County District Attorney's Office filed an application for a sexual assault protective order pursuant to article 7B.001 on behalf of Brittany and E.M.G. in Comal County based on the outcries of E.M.G. that Appellant sexually assaulted her.[4] Brittany is alleged to be a resident of Comal County, Texas, and Appellant a resident of Bexar County. As support of the application, Appellee signed an affidavit stating, among other things, that in September 2022, E.M.G. cried out that Appellant had touched her "private parts" with his fingers; on the same day, Brittany discovered bruises on the inner arms of E.M.G. and another daughter; the bruises had been covered with

*Cedillo (In the Int. of L.J.L.C.)*, No. 07-21-00061-CV, 07-21-00062-CV, 2022 Tex. App. LEXIS 5845, at *1 n.1 (Tex. App.—Amarillo Aug. 11, 2022, no pet.). *See* art. 78.001(a)(1) (authorizing issuance of a protective order on behalf of victim of sexual assault crime).

[2] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] Appellant made the same unsupported allegations in the trial court via a "Motion to Vacate Protective Order and Lack of Jurisdiction." Other portions of the record reflect that Appellant was subject to a Bexar County protective order involving Brittany and another child in 2022.

[4] On appeal, the Comal County District Attorney's Office entered its appearance for the State and filed a brief on behalf of Appellees.

Band-Aids. The affidavit states that in December 2022, Brittany discovered drawings by E.M.G. that depicted "bondage sex." When asked about these drawings, the child allegedly replied that "daddy made me bleed and it hurt," and pointed to her vagina. Law enforcement was contacted, and Child Protective Services began an investigation.

On February 27, 2023, the trial court issued a Temporary Ex Parte Sexual Assault Protective Order prohibiting Appellant from, among other things, communicating with or engaging in certain conduct toward Appellee or her children. On the same day, a writ issued, notifying Appellant that a hearing was set on Appellee's application for protective order "for the 17th day of March 2023 at 9:00 a.m. in the COUNTY COURT AT LAW/DISTRICT COURT in New Braunfels, Comal County, Texas, and you will be required to show cause, if any, why the Sexual Assault Protective Orders should not be entered." The writ warned that "[i]f you do not attend the hearing, a default judgment may be taken, and a Sexual Assault Protective Order may be issued against you."

The writ was not served on Appellant until four days before the hearing. Appellant did not attend the March 17th hearing, and the trial court signed a "Default" Chapter 7B Protective Order.[5]

On March 21, Appellant filed a motion to vacate the trial court's order, arguing the court lacked jurisdiction due to Brittany's alleged earlier action for a protective order in Bexar County. Appellant's motion was not accompanied by any affidavits or exhibits.

---

[5] Brittany was present at the hearing. However, her statements were presented via affidavit rather than through live testimony.

On April 26, Appellant filed an amended motion to set aside the default judgment and for a new trial. Appellant's motion argued he was unaware he needed to be present at the March 17 hearing and claimed the allegations of sexual assault were false. Again, however, Appellant presented no evidence except for a declaration that stated his name, his age as being older than 18, his competence, and his identity as the movant. At a hearing on this motion, Appellant did not offer any additional evidence.

On May 5th, 2023, the trial court denied Appellant's motion to set aside the default order and for a new trial. On the same day, the trial court granted, in part, Appellant's motion for lack of jurisdiction, and transferred the case from Comal to Bexar County, finding that "none of the allegations stated in the Affidavit of the Applicant had occurred in Comal County, Texas, and that the allegations as described in the affidavit attached to the Application for Protective Order described alleged incidents that occurred in Bexar County, Texas." Moreover, the trial court found that "based on these allegations, [] the better venue for this case is Bexar County, Texas, not Comal County, Texas . . . ." This appeal followed.

**Analysis**

Jurisdiction of the Comal County District Court

In his first issue, Appellant contends that the trial court's transfer of further proceedings to Bexar County proves a want of jurisdiction in Comal County. We disagree.[6] We begin with the presumption that district courts are constitutionally

---

[6] The protective order issued by the trial court stated as follows:

4

authorized to resolve legal disputes. *Oncor Elec. Delivery Co. LLC v. Chaparral Energy, LLC*, 546 S.W.3d 133, 137 (Tex. 2018); *see* TEX. CONST. art. V, section 8. To overcome the presumption, the Constitution or another law must grant exclusive jurisdiction to another court or administrative agency. *Id.* (citing *In re SW. Bell Tel. Co*, 235 S.W.3d 619, 624–25 (Tex. 2007)).

Legislative enactment provides that an adult, including a parent or guardian acting on behalf of a child who is alleged to be a victim of certain crimes, may file an application for a protective order under Title 1, Chapter 7B of the Code of Criminal Procedure. *See* TEX. CODE CRIM PROC. ANN. art. 7b.001(a)(2). This application may be filed in a number of courts, including a district court, in a county in which the applicant resides, where the alleged offender resides, or where an element of the alleged offense occurred. Art. 7B.001(b)(1). Here, the application filed in the 433rd Judicial District Court of Comal County is in Brittany's county of residence.

Rather than citing any provision that made Brittany's application mandatory in Bexar County, contrary to Article 7B.001(b)(1), Appellant presents an argument about "forum shopping" that confuses jurisdiction with venue. "Jurisdiction is the power of the court to decide a controversy between parties and to render and enforce a judgment with respect thereto; venue is the proper place where that power is exercised." *State v. Pounds*, 525 S.W.2d 547, 550 (Tex. App.—Amarillo 1975, writ ref'd n.r.e.) (cited with approval by *Tarrant Cnty. College District v. Sims*, 621 S.W.3d 323, 330 (Tex. App.—

The Court, having considered the pleadings, and heard evidence, finds that this Court has jurisdiction, under Chapter 7B of the Code of Criminal Procedure, over the parties and the subject matter of this cause.

5

Dallas 2021, no pet.)).  For a party to complain of improper venue, it must file a written motion to transfer prior to or concurrently with any other plea, pleading, or motion; otherwise, the objection to venue is waived.  *Cincinnati Ins. Co. v. Villanueva*, No. 04-20-00389-CV, 2022 Tex. App 1436, at *6 (Tex. App.—San Antonio 2022, pet. denied) (citing *Jackson v. Biotronics, Inc.*, 937 S.W.2d 38, 43 (Tex. App.—Houston [14th Dist.] 1996, no writ)).  To the extent that Appellant's jurisdictional complaint in the trial court raised the issue of venue, he failed to support his arguments with any competent evidence to demonstrate why the case needed to be heard in Bexar County.[7]  Issue one is overruled.

Default Judgment and *Craddock* Standard

We next address Appellant's third and fourth issues, which complain about the insufficiency of notice and an opportunity to be heard.  If this had been a restricted appeal of Appellant's default judgment (i.e., if Appellant did not appear in the trial court or file any post-judgment motions), our review would have been limited to errors apparent on the face of the record.  *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994).

However, because Appellant challenged the default judgment by filing a post-judgment motion to set aside, we pursue a different line of review.  *Fidelity and Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006).  When the defaulting defendant receives "the suit papers," the default judgment should be set aside only when

---

[7] Prima facie proof is made when the venue facts are properly pleaded and an affidavit and any duly proved attachments to the affidavit fully and specifically setting forth the facts supporting such a pleading are filed. TEX. R. CIV. P. 87(3)(a).  Aside from a bare statement about the existence of another proceeding first filed in Bexar County, Appellant failed to submit any competent evidence. *See In re Baldridge*, No. 04-16-00011-CV, 2016 Tex. App. LEXIS 2936, *at 6–7 (Tex. App.—San Antonio Mar. 23, 2016, no pet.).

the appealing party proves the three elements established in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (requiring new trial if defendant presents evidence that (1) the failure to appear was neither intentional nor conscious indifference, (2) a meritorious defense, and (3) a new trial would cause neither delay nor undue prejudice). *See Drewry Const. Co.*, 186 S.W.3d at 574.

Appellant's third issue complains that the trial court erred in refusing to consider whether his failure to answer or appear was the result of conscious indifference. Appellant argues that because of deficient language in the writ and service documents, he did not understand he needed to file an answer or how or where to appear for hearing.[8] In his fourth issue, Appellant similarly complains that notice of the March 17 hearing was unconstitutionally vague because it failed to state which of the five "County Court[s] at Law" or "District Court[s]" of Comal County where the protective order hearing would be held. The vast majority of the cases relied on by Appellant, however, are inapplicable because they involve default judgments where the defendant did not file a post-judgment motion before bringing an appeal.[9]

---

[8] Regarding the second *Craddock* element, Appellant argues that "Child Protective Services had dismissed the case that was the basis of Plaintiff's accusations . . . creat[ing] a meritorious defense. Such evidence and testimony was flatly denied from being heard." Under the third element, Appellant points out that he timely filed a motion to set aside the judgment and alleged the granting of new trial would not cause any injury to the complainant. He complains he was "denie[d]" the opportunity to present evidence at the hearing.

[9] *Citing Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (writ of error); *In re Z.J.W.*, 185 S.W.3d 905, 906 (Tex. App.—Tyler 2006, no pet.) (restricted appeal); *TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 318 (Tex. App.—Austin 2002, no pet.) (restricted appeal); *Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.]1998, pet. denied) (direct attack following judgment nunc pro tunc that added defendant's name six years after original judgment); *Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ) (writ of error). Another case cited by Appellant, *Ex parte Davis*, 344 S.W.2d 153, 154 (Tex. 1961), was an original proceeding following a trial court's order of contempt.

Because Appellant filed a motion to set aside the default judgment, he was required to present evidentiary proof that he satisfied the three *Craddock* elements. In *Drewery Construction*, for example, an insurance company faced with a default judgment satisfied its proof by attaching four affidavits to its motion for a new trial that showed how its registered agent for service failed to follow the ordinary course for handling the petition and citation, leading to the loss of documents. 186 S.W.3d at 575. Our Supreme Court held that such evidence presented uncontroverted proof satisfying the first *Craddock* element. *Id.* at 576.

By contrast, the only evidence submitted in Appellant's motion to set aside was his declaration, which states as follows:

<u>Declaration of MATTHEW GUZMAN</u>

My name is MATTHEW GUZMAN. I am above the age of eighteen years, and I am fully competent to make this declaration. I am the movant in this Motion to Set Aside Default Judgment. The facts stated in this declaration are within my personal knowledge and are true and correct.

/s/ Matthew Guzman

Appellant proffered no additional evidence at the hearing on his motion.[10] By merely confirming his name, age, competence, and role as the movant, Appellant provided no evidence to support *Craddock's* elements, such as his alleged confusion over which courtroom to appear in and fails to set up any meritorious defense to the allegations against him. Accordingly, the trial court did not err in overruling Appellant's motion to set

---

[10] Nor did Appellant make an offer of proof for any evidence he contends he was prohibited from presenting. *See* TEX. R. EVID. 103(a)(2).

8

aside. *See Ivy v. Carrell*, 407 S.W.2d 212, 215 (Tex. 1966) (affirming default judgment when presented evidence at hearing of motion for new trial failed to constitute meritorious defense). We overrule Appellant's third and fourth issues.

Issuance of Findings

We finally consider Appellant's second issue, complaining that the trial court's protective order is defective due to the absence of required findings or evidence. A Chapter 7B protective order is only required to include a finding that "there are reasonable grounds to believe that the applicant is the victim of sexual assault or abuse, stalking or trafficking." Art. 7B.003(a). Such a finding was made in this case; no other findings were required. *See Noyes v. State*, No. 03-22-00071-CV, 2023 Tex. App. LEXIS 7834, at *14–16 (Tex. App.—Austin Oct. 13, 2023, no pet. h.) (collected cases cited therein). Generally, a party who fails to respond to a petition is deemed to have admitted all properly alleged facts. *Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex. 1979).

Appellant next asserts the trial court erred by granting a protective order effective for a lifetime without making the findings necessary to extend the life of a protective order beyond two years under section 85.025(a), (a-1) of the Texas Family Code. However, the trial court's protective order was not issued pursuant to the Texas Family Code, but under Chapter 7B of the Code of Criminal Procedure. For protective orders issued under Chapter 7B, the order "may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order." Art. 7B.007(a). Thus, the trial court had the statutory authority to make the protective order effective for the duration of the lives of Appellant and E.M.G. *See Kloecker v. Lingard*, No. 01-19-00533-CV, 2021 Tex.

App. LEXIS 4069, at *13, 17 (Tex. App.—Houston [1st Dist.] May 25, 2021, pet. denied) (discussing distinction in provisions regarding life of protective orders entered under Family Code or Penal Code). *See also Walsh v. Gonzalez*, No. 01-21-00729-CV, 2023 Tex. App. LEXIS 4410, at *24 (Tex. App.—Houston [1st Dist.] June 22, 2023, no pet. h.) (recognizing that protective orders under Family Code and Penal Code operate independently as to duration). Appellant's second issue is overruled.

## Conclusion

We affirm the order of the trial court.

Lawrence M. Doss<br>
Justice

10